O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA JAQUELINE JUAREZ,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. EDCV 10-1219 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

　　Plaintiff filed a Complaint herein on August 13, 2010, seeking review of the Commissioner's denial of her application for disability insurance benefits. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on May 12, 2011, in which plaintiff raised three disputed issues as grounds for reversal. Thus, this matter now is ready for decision.[1]

---

　　[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42
(continued...)

1

# DISCUSSION

With respect to Disputed Issue No. 3, the Court finds that reversal is not warranted based on the ALJ's alleged error in failing to credit plaintiff's subjective symptom testimony. The record contained affirmative evidence of malingering, which the ALJ cited as a basis for his adverse credibility determination. (See AR 12, citing AR 337-43; see also AR 13.) Under Ninth Circuit jurisprudence, a finding of malingering is sufficient to support an adverse credibility determination. See Benton v. Barnhart, 331 F.3d 1030, 1040 (9th Cir. 2003); see also, e.g., LaGrand v. Commissioner Social Sec. Admin. 379 Fed. Appx. 555, 556 (9th Cir. 2010) (now citable for its persuasive value per Ninth Circuit Rule 36-3) (citing Benton for the proposition that "[t]he ALJ was entitled to reject LaGrand's testimony because there was evidence of malingering"); Flores v. Commissioner of Social Security, 237 Fed. Appx. 251, 252-53 (9th Cir. 2007) (citing Benson for the proposition that "an ALJ may reject a claimant's subjective pain testimony if the record contains affirmative evidence of malingering"); Lira v. Astrue, 2011 WL 1743308, *2 (C.D. Cal. May 5, 2011) ("A finding of malingering is sufficient to support an adverse credibility determination."); Robinson v. Michael Astrue, 2011 WL 1261187, *11 (D. Or. March 31, 2011) ("Evidence of malingering, however, by itself, is enough to discredit a claimant."). Moreover, the ALJ did provide specific reasons for rejecting particular testimony by plaintiff. For example, the ALJ cited the medical evidence of record indicating that plaintiff's myocarditis was stable, including the fact that she was off all cardiac medications, as his basis for finding not credible plaintiff's allegation of disabling symptoms from her myocarditis. (See AR 12-13.) The ALJ cited inter alia evidence of noncompliance with her prescribed seizure medication as a basis for

---

[1](...continued)
U.S.C. § 405(g).

rejecting plaintiff's testimony regarding the frequency of her seizures.[2] (See AR 13.) The ALJ cited plaintiff's normal mental status examinations and evidence in the record that her recent and remote memory appeared intact as his basis for rejecting the testimony of plaintiff and her daughter regarding memory loss. (See id.)[3] The ALJ cited the absence of any evidence of any musculoskeletal disorder or neurological deficits as his basis for rejecting the testimony of plaintiff and her daughter that plaintiff had difficulty lifting, squatting, bending, reaching, walking, and kneeling. (See id.) The Court finds that the foregoing reasons were supported by substantial evidence in the record and were sufficiently specific to permit the Court to conclude that the ALJ did not arbitrarily discredit plaintiff's subjective testimony. See Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989) ("Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation of excess pain, and those findings are supported by substantial evidence in the record, our role is not to second-guess that decision."); see also, e.g., Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) (ALJ may properly rely on inconsistency between claimant's subjective complaints and objective medical findings, and lack of consistent treatment); Morgan v. Comm'r of Soc. Sec., 169 F.3d 595, 600 (9th Cir. 1999) (ALJ may properly rely on conflict between claimant's testimony of subjective complaints and objective medical evidence in the record).

---

[2] The Court notes in this regard that, in a Seizure Questionnaire form executed on September 28, 2007, plaintiff represented that she experienced seizures 4-5 times a week, and that she "always" took the Topamax that had been prescribed for her seizures. (See AR 203-04.) Yet, a treatment noted dated two days earlier, September 26, 2007, reflects that plaintiff admitted that she had not been taking the Topamax because the side effects made her feel worse. (See AR 357.)

[3] Under Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002), the ALJ's rejection of plaintiff's testimony as to memory loss also was supported by the opinion of Dr. Reznick that plaintiff exerted sub-optimal effort during Dr. Reznick's psychological evaluation. (See AR 337, 341.)

Further, the Court finds that reversal is not warranted based on the ALJ's alleged error in failing to credit plaintiff's daughter's testimony. The ALJ reasoned inter alia that the daughter's testimony appeared to be no more than a "parroting" of her mother's subjective complaints, which the ALJ had found was "highly suspect based on unsupported statements and a diagnosis of malingering." (See AR 13.) This constituted a reason germane to the daughter's testimony for not crediting it. See Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 694 (9th Cir. 2009) ("In light of our conclusion that the ALJ provided clear and convincing reasons for rejecting Valentine's own subjective complaints, and because Ms. Valentine's testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting her testimony."). The ALJ also reasoned that the daughter's testimony conflicted with the clinical and diagnostic medical evidence. (See AR 13.) This also constituted a legitimate reason for not crediting the daughter's testimony. See Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001); Vincent v. Heckler, 739 F.2d 1393, 1395 (9th Cir. 1984).

With respect to Disputed Issue No. 1, the Commissioner has cited Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 602 (9th Cir. 1999) for the proposition that a physician's opinion based on the plaintiff's own accounts of his symptoms and limitations may be disregarded where those plaintiff's complaints have been properly discounted. (See Jt Stip at 11.) However, in determining whether the ALJ erred in crediting the opinions of the State Agency review physicians over the opinion of plaintiff's treating physician, Dr. Crisol, that plaintiff's seizure disorder was of disabling severity, the Court is unable to consider that reason because the ALJ failed to provide it as a reason for not crediting Dr. Crisol's opinion. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Ceguerra v. Sec'y of Health & Human Svcs., 933 F.2d 735, 738 (9th Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency.").

The Commissioner also has cited the ALJ's finding that Dr. Crisol's opinion

was inconsistent with other medical opinions of record. (See Jt Stip at 11, citing AR 16.) However, under the "treating physician rule," the fact that Dr. Crisol's opinion that plaintiff's seizure disorder was of disabling severity was "inconsistent" with the opinions of the psychological consultative examiner and State Agency review physicians constituted a sufficient reason for not according Dr. Crisol's opinion "controlling" weight, but not a sufficient reason in itself for rejecting the opinion altogether. Rather, the fact that Dr. Crisol's opinion was controverted merely was determinative of the governing standard. It still was incumbent on the ALJ to make findings setting forth specific and legitimate reasons for rejecting Dr. Crisol's opinion that were based on the substantial evidence of record. See Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

As a supposed example of Dr. Crisol's opinion not being "well-supported by medically acceptable clinical and laboratory diagnostic techniques," the ALJ cited the fact that the record indicated that plaintiff's myocarditis was stable. (See AR 16.) The Court notes, however, that Dr. Crisol did not opine otherwise in his January 26, 2009 "to whom it may concern" letter. To the contrary, Dr. Crisol acknowledged that "so far all of the cardiac work up seems stable." (See AR 404.) The ALJ also cited the fact that the evidence of record did not support "the alleged memory loss" (see AR 16), to which the ALJ apparently believed Dr. Crisol was referring when he alluded to "all the symptoms already described" on the second page of his letter. The Court concurs with the ALJ that Dr. Crisol's opinion regarding this symptom, to which Dr. Crisol also had opined on September 13, 2007 (see AR 389), was not supported by medically acceptable clinical and laboratory diagnostic techniques. Indeed, it appeared from the consultative psychologist's clinical testing on August 7, 2007, which had been conducted approximately five weeks prior to when Dr. Crisol rendered his September 13, 2007 opinion that plaintiff's cerebral cyst had been causing "severe memory loss," that plaintiff's memory loss was feigned. (See AR 341, 342.) Further, on November 22, 2007, Dr. Clark had found during his

neurological examination of plaintiff that her recent and remote memory were intact. (See AR 380.) As for the other allegedly disabling symptoms of plaintiff's seizure disorder that Dr. Crisol had opined in his January 26, 2009 "to whom it may concern" letter were side effects of her medications (i.e., "somnolence, asthenia, behavioral abnormalities, weakness"), the Court notes that the ALJ did provide reasons elsewhere in his decision, which were supported by the substantial evidence of record, for not crediting that part of Dr. Crisol's opinion. (See AR 13.) Accordingly, the Court has concluded that reversal is not warranted based on the ALJ's alleged failure to properly consider Dr. Crisol's opinion(s). See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004) (noting that "an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, . . . or by objective medical findings"); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

Nevertheless, the Court is unable to affirm the Commissioner's decision because, with respect to Disputed Issue No. 2, the Court concurs with plaintiff that the ALJ failed in his duty to develop the record with respect to the issue of whether plaintiff's seizure disorder met or equaled the requirements of Listing 11.02 and/or Listing 11.03. The law is well established in this Circuit that the ALJ has a special duty in social security cases "to fully and fairly develop the record and to assure the claimant's interests are considered." See Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983). "This duty exists even when the claimant is represented by counsel." Id.

Here, the ALJ found that plaintiff suffered from a severe seizure disorder. However, the record was unclear as to whether plaintiff's seizure disorder involved convulsive seizures or non-convulsive procedures. While the Court has upheld the ALJ's adverse credibility determination, which encompassed plaintiff's testimony at the administrative hearing about the frequency of her seizures, the record was unclear

as to the frequency of plaintiff's seizures. Although the Commissioner has pointed to the evidence in the record of non-compliance with her seizure medication as supportive of the ALJ's listings finding, the Court notes that this evidence consisted of a one-time notation on September 26, 2007, that plaintiff had not been taking the Topamax because the side effects made her feel worse. (See AR 357.) The State Agency physician's statement about plaintiff's non-compliance was based on this one-time notation. (See AR 379.) As the ALJ acknowledged, the medical evidence of record reflected that plaintiff's seizure medication had subsequently been changed. (See AR 14.) The ALJ did not cite and the Commissioner has not pointed to any other evidence in the record indicating that plaintiff was non-compliant after her seizure medication was changed. These are all issues as to which further development of the record is warranted.

## CONCLUSION AND ORDER

The law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Here, plaintiff does not contend that a remand for the payment of benefits is warranted, but rather concedes that the appropriate remedy is a remand for further

proceedings. (<u>See</u> Jt Stip at 22.)

Accordingly, IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings, pursuant to sentence four of 42 U.S.C. § 405(g).[4]

DATED: <u>May 27, 2011</u>

*/s/ Robert N. Block*

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[4] It is not the Court's intent to limit the scope of the remand.